## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

CHRISTIAN AYALA LOPEZ,                  :
                                        :
            Petitioner,                 :
                                        :
v.                                      :        CASE NO. 4:18-CV-134-CDL-MSH
                                        :             28 U.S.C. § 2241
WARDEN, STEWART                         :
DETENTION CENTER, *et al.*,             :
                                        :
            Respondents.                :
_____

## ORDER AND RECOMMENDATION OF DISMISSAL

Pending before the Court is Petitioner's emergency motion to stay removal (ECF No. 5) and Respondents' motion to dismiss Petitioner's application for habeas corpus relief (ECF Nos. 12, 1). For the reasons explained below it is recommended that Respondents' motion to dismiss be granted, Petitioner's application for habeas corpus relief be dismissed, and Petitioner's emergency motion to stay removal be denied.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Pet. Ex. A, at 2, ECF No. 1-6. He was served with a Notice to Appear ("NTA") on February 11, 2013, and charged by the Department of Homeland Security with being removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) as an alien present in the United States after entering the country without inspection or parole. Pet. 6. At a hearing before an immigration judge on June 26, 2013, Petitioner admitted to the NTA's allegations and

conceded removability. *Id.* At another hearing on June 6, 2016, Petitioner accepted voluntary departure. *Id.* at 7. Petitioner was given until October 4, 2016, to depart the United States and warned that if he appealed or moved to reopen proceedings, an alternate order of removal would take effect. Rabaglia Decl. 1, ECF No. 12-1. On August 1, 2016, Petitioner filed a motion to reopen, which was denied by an immigration judge on September 19, 2016. Pet. 7-8. Petitioner appealed the denial to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal on March 6, 2017. *Id.* at 8. On June 27, 2018, Petitioner filed another motion to reopen with the BIA. Pet. Ex. B, at 3-14, ECF No. 1-7. In the second motion to reopen, Petitioner argued that the NTA served on him in February 2013 did not specify the date and time of his removal hearing, and was insufficient to vest the immigration judge with jurisdiction to order his removal. *Id.* at 9.

This Court received Petitioner's application for habeas corpus relief (ECF No. 1) on June 29, 2018, and his emergency motion to stay his removal on July 2, 2018 (ECF No. 5). Respondents filed a motion to dismiss Petitioner's application for habeas relief on November 19, 2018, along with a declaration of Deportation Officer Richard P. Rabaglia showing that Petitioner was removed from the United States on July 2, 2018 (ECF Nos. 12, 12-1).[1]

---

[1] Respondents did not provide a copy of an executed Form I-205 Warrant of Removal/Deportation due to what they indicate are "administrative delays." Rabaglia Decl. 1. Respondents are hereby ordered to supplement their motion to dismiss with the Form I-205 within twenty-eight (28) days or provide an explanation to the Court as to why the form is unavailable.

## DISCUSSION

### I.   Respondents' Motion to Dismiss

Respondents have moved to dismiss Petitioner's application for habeas corpus relief, contending this Court does not have authority to grant the relief requested.  Mot. to Dismiss 2-8, ECF No. 12.  The Court agrees and recommends dismissal of the application. In his application, Petitioner argues because the NTA initiating his removal proceedings did not include a specific date and time, the immigration judge's removal order was void. Pet. 6-12.  He seeks a temporary restraining order and/or stay of his removal while his motion to reopen and terminate proceedings filed with the BIA remains pending.  Pet. 16. Petitioner also requests an order granting him a writ of habeas corpus and release from Respondents' custody.  *Id*. at 15-16.

Petitioner's request that the Court stay his removal has been rendered moot by his actual removal.  Moreover, even had he not been removed, the Court would not be authorized to grant the relief requested.  The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision ..., a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252 (a)(5).  "This provision has consistently been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief." *Watson v. Stone*, No. 4:13-cv-480(CDL), 2013 WL 6072894, at *2 (M.D. Ga. Nov. 18, 2013); *accord Torres-Jurado v. Saudino*, No. 18-2115(KM), 2018 WL 2254565, at *2 (D.N.J. May 17, 2018) ("Judges in districts across the country…have found this

jurisdictional bar applies to applications to stay removal.").   The Court recommends, therefore, that Petitioner's request for a temporary restraining order be denied.

As for Petitioner's application for habeas relief, his removal from the country renders his application moot.  "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'"  *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (finding appeal moot where petitiner was removed from the United States); U.S. Const. art. III, § 2.  "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'"  *Soliman*, 296 F.3d at 1242 (citation omitted).  "[P]ut another way, a cause is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Id.* (internal quotation and citation omitted).  "Therefore, 'if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'"  *Id.* (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam)).

Removal from the United States pursuant to a final order of removal generally moots an alien's habeas challenge to his continued detention.  *See, e.g., Soliman*, 296 F.3d at 1243-44. "However, dismissal after [removal] is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining 'collateral consequence' that may be redressed by success on the petition." *Martinez v. Sessions*, No. 2:18-cv-58-FtM-99CM, 2018 WL 1830845, at *1 (M.D. Fla. Mar. 6, 2018) (citing *Spencer v. Kemna,* 523 U.S. 1, 7–8 (1998)).

Despite his removal from the country and release from detention, Petitioner argues his petition is not moot because he has suffered collateral consequences in the form of his "ability to have his meritorious claims adjudicated by the [BIA][.]" Pet'r's Status Update 4, ECF No. 9.[2]  The collateral consequences identified by Petitioner, however, stem not from his detention but from the removal order.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (finding alien's inability to return to the United States to be a consequence of his removal order, not his detention); *see also Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (denying petitioner's request for declaratory judgment that his continued detention was unauthorized by the INA and/or violated the Fifth Amendment because "any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order").  As previously stated, this Court is not authorized to consider a challenge to Petitioner's final order of removal.  Now that Petitioner has been removed and is no longer in custody, this Court can provide him with no meaningful relief.  As such, dismissal is mandated.  *Soliman,* 296 F.3d at 1242.

## II.    Motion for Immediate Stay

Three days after filing his application for habeas corpus relief, Petitioner filed a motion for immediate stay of his removal pending resolution of the petition.  Mot. to Stay 1, ECF No. 5.  However, prior to this Court ruling on his motion, Petitioner was removed from the United States.  Rabaglia Decl. 1.  For the reasons explained above, it is recommended that Petitioner's motion be denied.

---

[2] Petitioner did not file a response to Respondents' motion to dismiss.  However, he addressed the mootness issue in a status update filed on July 17, 2018 (ECF No. 9).

## CONCLUSION

For the reasons explained above, it is recommended that Respondents' motion to dismiss (ECF No. 12) be granted, Petitioner's application for habeas corpus relief (ECF No. 1) be dismissed, and Petitioner's emergency motion to stay removal (ECF No. 5) be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 26th day of December, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

6